## Hurley v. Inland Finance Co.

*Marcus A. McKnight, III*, for plaintiff.
*Daniel K. Deardorff*, for defendants.

HOFFER, *J.*, September 26, 1984—Plaintiff and defendants entered into a contract on March 12, 1982. Under the terms of the agreement, plaintiff was to sell or lease defendants' vending machines to businesses in Cumberland County, Pa. Defendants are business entities with offices in Des Moines, Iowa. Plaintiff has alleged that defendants failed to make payments due him under the contract, and has brought this action in assumpsit. Defendants' preliminary objections are now before the court.

Defendants have moved for dismissal for lack of jurisdiction on the basis of Paragraph 13 of the written contract, which reads as follows:

"13. Jurisdiction. Company and president of company personally consent to the jurisdiction of the Polk County, Iowa, District Court for all matters relating to this agreement shall be governed by Iowa law."

Although private parties may not contract to prevent a court from exercising jurisdiction over a dispute, Pennsylvania courts will generally refuse to hear a case when the parties have freely agreed that any litigation between them will be conducted in another forum. Central Contracting v. C. E. Youngdahl & Co., 418 Pa. 122, 209 A.2d 810 (1965).

The issue to be resolved is whether paragraph 13 of the agreement provides for the Iowa court to have

exclusive jurisdiction over any dispute between the parties arising from the contract. The term clearly states that Iowa law will govern any dispute; it is ambiguous, however, with respect to the question of jurisdiction. It could be construed as an agreement to bring all disputes regarding the contract before the Iowa court. The term could also be construed as an agreement by plaintiff to consent to the jurisdiction of the Iowa court in the event that defendants wished to pursue a cause of action against him. The latter construction would create jurisdiction in the Iowa court, but would not prevent plaintiff from bringing an action in another court in which jurisdiction was proper.

The second interpretation seems to be the one most consistent with the language of the term. Forum restriction clauses that have been upheld in Pennsylvania have stated clearly and unequivocally that the intent of the parties was to confer exclusive jurisdiction upon a particular forum. See, e.g., Central Contracting Co. v. C. E. Youngdahl & Co., supra; Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341 (3rd Cir. 1966). In any event, it is well established that an ambiguous term in a contract is construed against the party responsible for the ambiguity. See, e.g., Heidt v. Aughenbaugh Coal Co., 406 Pa. 188, 192, 176 A.2d 400, 402 (1962). Defendant provided the written instrument in this case. It was not clearly the intent of the parties to confer exclusive jurisdiction upon the Iowa court; therefore, we will not decline jurisdiction over this dispute.

## ORDER OF COURT

And now, September 26, 1984, for the reasons set forth in the opinion filed this date, defendants' preliminary objections to plaintiff's complaint are overruled. Defendants are given 20 days in which to file an answer.